UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Tomas G. Garza, | ) | CASE NO. 3: 14 CV 2082 |
| Petitioner, | ) ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | **MEMORANDUM OF OPINION** |
| Charlotte Jenkins, Warden, | ) ) | **AND ORDER** |
| Respondent. | ) ) | |

Petitioner Tomas G. Garza, a state prisoner in custody at the Chillicothe Correctional Institution, has filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He seeks to proceed *in forma pauperis*. (ECF No. 2.) Petitioner's motion to proceed *in forma pauperis* is granted. For the reasons stated below, however, his petition is denied and this action is dismissed.

Petitioner challenges his conviction, pursuant to a no contest plea, in the Henry County Court of Common Pleas for possession of cocaine. He raises two claims in his *habeas* petition which challenge, on Fourth Amendment grounds, a search warrant that was issued to search his residence. The petitioner claims the search warrant was issued in violation of his rights under the Fourth Amendment and that the trial court erred in denying his motion to suppress evidence seized during a warrant search of his house.

The Supreme Court held in *Stone v. Powell*, 428 U.S. 465, 494-95 (1976) that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Thus, a *habeas* petitioner may not seek *habeas* relief if "he had a full and opportunity to raise [his Fourth Amendment] claim in state court and presentation of the claim was not thwarted by any failure of the state's corrective processes." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000).

It is evident on the face of the petition that the petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in state court. He had the chance to raise his claims in a motion to suppress in the trial court prior to his plea, and there is no suggestion that he was prevented from full and fairly litigating his claims at that time or in his subsequent appeal. *See State v. Garza*, 5 N.E.3d 89, 2013-Ohio-5492 (Ohio App. 3rd Dist. Dec. 16, 2013).

Accordingly, the petitioner's claims are barred by *Stone*. The petition is therefore denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. Fed.R.App.P. 22(b). The petitioner's motion for a default judgment (Doc. No. 4) is denied as moot.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: March 17, 2015